IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

In the matter of:

RICHARD B. FOX
HEATHER M. FOX
108 ROGERS DRIVE
RINCON, GA 31326

Debtor(s)

Chapter 13
Case No. 23-40246-EJC

## OBJECTION TO CONFIRMATION BY CHAPTER 13 TRUSTEE

NOW COMES O. Byron Meredith III, Chapter 13 ("Trustee") in the above-styled case, and objects to confirmation of the proposed Chapter 13 Plan for reason(s) stated herein:

1a. Official Form 122C-1 indicates that the Debtor's (Heather M. Fox) income for the six months preceding the petition was $1,300.00. At the meeting of creditors, the Debtor testified that the business was still receiving income during its final months; additionally, the bank statements (7152) submitted to the Trustee appear to show non-negligible income. Accordingly, the Trustee requests a monthly breakdown of the income and expenses for the business for the six-month period preceding the petition.

1b. Additionally, the Trustee requests information on the provenance and disposition of the $13,709.32 deposited in the Debtor's checking account (7828) on February 21, 2023.

2. According to Schedule A/B, the Debtor's real property located at 108 Rogers Drive, Rincon, GA has a value of $181,681.00. In a hypothetical sale the property would yield approximately $823.81 in non-exempt equity after subtracting estimated costs of sale. The Trustee requests contribution of this amount to unsecured creditors.

3. The Trustee requests contribution of the following amounts to unsecured creditors under the plan, as the value of personal property that is not encumbered by debt or claimed as exempt: $20,056.04 in a 1956 Chevrolet 3100; $36.18 in a 2019 Ford Mustang; $1,500.00 in a 2005 Honda CRV; $750.00 in a 1998 Ford Mustang; $2,212.00 in a checking account with Bank of America; and $1,280.00 in a savings account with Bank of America. Total: $25,834.22.

4. The Trustee objects to the Debtors' Plan as proposed because the Debtor has failed to disclose the totality of his monthly income on Form 122C-2. Specifically, the Debtor has not listed the $1,400.00 in VA disability received monthly on the Form 122C-2 to calculate the Debtor 's disposable monthly income. To be clear, the Trustee does not dispute that per the recently enacted Haven Act (Public Law No. 116-52) certain military and veteran's affairs benefits are generally excluded from the disposable income calculation. However, the Trustee does contend that until documentation is provided as to the source of the above referenced income, it should be disclosed, and calculated into the disposable monthly income so that the Trustee may accurately determine the Debtor 's disposable monthly income. Accordingly, the Trustee requests the Debtor provide documentation as to the above reference income (copy of any DoD or VA awards letter, leave and earnings statement, or military discharge documents, see ebenefits.va.gov or mypay.dfas.mil), or file an amended Form 122C-1.

WHEREFORE, the Trustee moves the Court to inquire into the above objection(s), deny confirmation of the proposed plan, and for such additional relief as may be just and proper.

This <u>25</u> day of <u>May</u>, <u>2023</u>.

s/ SABARI PILLAI, STAFF ATTORNEY
_____
s/ SABARI PILLAI, STAFF ATTORNEY
Georgia Bar No. 793947
P.O. Box 10556
Savannah, GA 31412
(912) 234-5052

## CERTIFICATE OF SERVICE

I the undersigned certify that a copy of this Objection to Confirmation by Chapter 13 Trustee has been served upon the above-named debtor(s) and the parties listed below. Unless otherwise noted below, service was made by first-class mail, postage prepaid, this <u>25</u> day of <u>May</u>, 2023.

s/ SABARI PILLAI, STAFF ATTORNEY
_____
s/ SABARI PILLAI, STAFF ATTORNEY
Office of the Chapter 13 Trustee
Post Office Box 10556
Savannah, GA 31412
(912) 234-5052

JUDSON C. HILL
_____
By Electronic Noticing